**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLEY NEWTON BETTIS,

Plaintiff-Appellant,

v.

LOYD BICKEL; NORMAN FISHER;
DAVE HAMBY; ROBERT JONES;
CINDY MATTHEWS; TYLER
MCCORKLE; GEORGE WILDCAT;
CHAS ANDERSON; ZACK WOODS;
BOB GIBBINS,

Defendants-Appellees.

No. 08-7079
(D.C. No. 6:07-CV-00115-FHS-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Plaintiff-appellant Charley Newton Bettis, proceeding pro se on appeal as

in the district court, filed a complaint under 42 U.S.C. § 1983 alleging that his

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil rights were violated during his incarceration at the Cherokee County Jail in Tahlequah, Oklahoma, by jail personnel and by a journalist who reported his arrest. Mr. Bettis was held on charges pending in Missouri. After affording Mr. Bettis three opportunities to amend his complaint to state a claim upon which relief may be granted, the district court dismissed the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

Mr. Bettis was detained in the Cherokee County Jail from February 25, 2007, until April 30, 2007, when he was released to Missouri authorities. In his Fourth Amended Complaint,[1] Mr. Bettis averred generally that his constitutional rights were violated at the jail because he was detained without a warrant; he was not informed of the reason he was being detained; he was not read his *Miranda* rights; he was not given a phone call; he was not taken to court within 72 hours of his arrest; an attorney was not appointed for him; he was denied a diabetic diet; he was not allowed to see a doctor; although he was given blood tests, he was billed for them; he was denied medication; he was refused opportunities to file jail grievances and received no responses to the grievances he did file; he was occasionally kept in lock-down, sometimes in retaliation for filing grievances; he

---

[1]     Although designated as the Fourth Amended Complaint, Mr. Bettis's final amended complaint was his third amendment to his original complaint.

was denied access to law books, legal materials, and postage; the defendants conspired to deprive him of his rights; and a newspaper reported his arrest, which caused him to be evicted from his residence and to lose income.

Mr. Bettis originally filed his case in a Missouri federal court. That court transferred the case to the United States District Court for the Eastern District of Oklahoma. The Oklahoma federal court determined that Mr. Bettis's complaint was not in the proper form and directed him to file an amended complaint. Thereafter, Mr. Bettis filed three amended complaints in an effort to allege specific facts stating civil-rights claims and to assert specifically the actions each defendant took in violation of his rights. Mr. Bettis failed to do so, and the district granted defendants' motions to dismiss. Mr. Bettis appeals.

*Discussion*

"We review the district court's grant of a Rule 12(b)(6) motion de novo, accepting all well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff." *Dummar v. Lummis*, 543 F.3d 614, 618 (10th Cir. 2008) (quotation omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (quotation omitted). We construe liberally the pleadings filed by pro se litigants, but we do not act "as the litigant's attorney in constructing

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"To state a claim, a plaintiff's complaint must 'show[] that the pleader is entitled to relief.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation and alteration omitted).  "In order to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotation omitted).

Mr. Bettis's Fourth Amended Complaint contains only general, conclusory, and often unintelligible claims.  His litany of wrongs is not specific or developed enough to survive dismissal under Rule 12(b)(6).  For example, the complaint refers to Mr. Bettis's dissatisfaction with the medical care he received at the jail.  But to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must

allege[] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. The right to custodial medical care is clearly established. Although pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983. "Deliberate indifference" involves both an objective and a subjective component. The former is met if the deprivation is "sufficiently serious"-that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The latter is satisfied if an officer knows of and disregards an excessive risk to a detainee's health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (citations, quotations, and brackets omitted). Mr. Bettis's allegations fall far short of stating facts to support an Eighth Amendment claim for denial of medical treatment. His remaining claims suffer similar pleading deficiencies.

In addition, the complaint "does not allege sufficient participation in the alleged wrongs" by any of the defendants. *Bryson*, 534 F.3d at 1287. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quotation omitted). Mr. Bettis's complaint does not allege sufficient participation by any of the defendants in any claimed civil-rights violations. Moreover, to the extent Mr. Bettis claims the jail warden and a city councilman, as supervisory personnel, are responsible for the problems at the jail, "[a] supervisor can . . . be held liable if the supervisor expressly authorized,

supervised, or participated in conduct which caused the constitutional deprivation." *Bruner*, 506 F.3d at 1026 (quotation omitted). Mr. Bettis did not allege facts to invoke supervisor liability.

*Conclusion*

Having reviewed de novo Mr. Bettis's Third Amended Complaint, we conclude that it fails to state a claim upon which relief may be granted. Mr. Bettis's motion for apointment of counsel is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge